**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

In re: Julia Ann Wendland                                    Case No. 19-51712-SCS
Debtor                                                              Chapter 13

## NOTICE OF MOTION TO CONTINUE THE AUTOMATIC STAY

The above named Debtor, by counsel, has filed a Motion for Continuation of the Automatic Stay with the Court pursuant to 11 U.S.C. § 362(c)(3)(B).

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you want to be heard on this matter, then no later than three (3) days before the date of the hearing, you or your attorney must:

1. File with the court, at the address below, a written response pursuant to Local Rule 9013-1(H). If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

   Clerk of Court
   United States Bankruptcy Court
   600 Granby Street
   4th Floor
   Norfolk, VA 23510

2. You must also send a copy to:

   Boleman Law Firm, P.C.
   Convergence Center III
   272 Bendix Road, Suite 330
   Virginia Beach, VA 23452

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

Barry W. Spear (VSB# 39152)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor

        Respectfully submitted,

        JULIA ANN WENDLAND
        By Counsel:

        /s/ Barry W. Spear
        Barry W. Spear (VSB# 39152)
        Boleman Law Firm, P.C.
        Convergence Center III
        272 Bendix Road, Suite 330
        Virginia Beach, Virginia 23452
        Telephone (757) 313-3000
        Counsel for Debtor

## **CERTIFICATE OF SERVICE**

    I certify that on November 26, 2019, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor(s), Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, and to all creditors and parties in interest of the mailing matrix attached hereto.

        /s/ Barry W. Spear
        Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | |
|---|---|
| In re: Julia Ann Wendland | Case No. 19-51712-SCS |
| Debtor | Chapter 13 |

**MOTION TO CONTINUE AUTOMATIC STAY AND
MEMORANDUM IN SUPPORT THEREOF**

**COMES NOW** JULIA ANN WENDLAND (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 362(c)(3)(B) and files the following Motion to Continue Automatic Stay and Memorandum in Support Thereof, and affirmatively states as follows:

**Jurisdiction**

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor.

2. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

**Background Facts**

4. On November 22, 2019 (hereinafter the "Petition Date"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "instant case").

5. Within the year prior to filing the instant case, Debtor has been a debtor in one (1) pending Chapter 13 bankruptcy case (the "previous case"), which was filed on

Barry W. Spear (VSB# 39152)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor

February 8, 2019, and dismissed on November 20, 2019 (Case No. 19-50166). The previous case was dismissed by the Court because of failure to make plan payments.

## Facts of the Instant Case

6. In the instant case, Debtor has proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $500.00 per month, for a period of 60 months.

7. Among other provisions, the Plan proposes the following: payment to Capital One Auto Finance on account of its claim secured by 2017 Nissan Versa; payment to the Treasurer of Newport News on account of its claim related to the 2017 Nissan Versa; and a reasonable distribution to unsecured creditors based upon the Debtor's ability to pay.

## Discussion

8. Because the instant case was commenced within one (1) year of the dismissal of the prior case, the automatic stay in the instant case will expire "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease . . . " on December 22, 2019, unless the Court extends the automatic stay.  11 U.S.C. § 362(c)(3)(A) and (B).

9. Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtor must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay.

10. If the Court finds grounds for presuming the instant case was filed "not in good faith," § 362(c)(3)(C) would impose a burden on Debtor to overcome such presumption and prove good faith by clear and convincing evidence.  If, however, the

Court finds no grounds for presuming the instant case was filed "not in good faith," Debtor must merely prove good faith by a preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

11.     Within the context of motions to continue the automatic stay pursuant to § 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr.E.D.Va. 2007), instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

12.     Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d at 972.  The focus of the inquiry is "to determine whether or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld at 152, *citing* Deans at 972, and *quoting* 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

13.     In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to § 362(c)(3),

> "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in

> the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13."

<u>Chaney</u> at 694.

## **Argument**

14. In the case *sub judice* there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtor must prove by clear and convincing evidence that the instant case was filed in good faith.

15. In the instant case, the Debtor has acted in good faith, and Debtor requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case. In support thereof, Debtor submits an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by this reference.

16. Applying the <u>Neufeld</u> factors to Debtor's circumstances and to this case leads to the following conclusions:

   a. *Percentage of proposed repayment* - The Plan proposes to pay a dividend of 3% to non-priority unsecured creditors. Such creditors would receive a dividend of 0% if Debtor were to file a Chapter 7 bankruptcy case. Application of this factor favors a finding of good faith.

   b. *Debtor's financial situation* – Debtor has income from employment as an operator at Stat Call and from social security. A significant positive change in the Debtor's financial circumstances has also taken place since the dismissal of the previous case. Specifically, she had become ill and lost time from work and incurred

medical bills. Her health has recovered and she is back to working full time. Additionally, Debtor's income is likely to remain consistent throughout this case. Debtor's financial situation does not allow for the maintenance of unnecessary expenses for luxury items but allows for the maintenance of an average standard of living for Debtor's household and the successful completion of the terms of the Chapter 13 Plan. Application of this factor favors a finding of good faith.

   c. *Period of time payment will be made* - The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts. Application of this factor favors a finding of good faith.

   d. *Debtor's employment history and prospects* – The Debtor has worked as an operator at Stat Call since June of 2014. Application of this factor favors a finding of good faith.

   e. *Nature and amount of unsecured claims* - Debtor's non-priority unsecured debts are estimated to be approximately $15,145. Debtor has not incurred any unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case. Application of this factor favors a finding of good faith.

   f. *Debtor's past bankruptcy filings* - The instant Motion is required due to the fact that Debtor was a debtor in a previous case that was dismissed within one (1) year of the Filing Date hereof. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was dismissed. Debtor incorporates such explanation herein by this reference. Debtor's hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to

financially reorganize. Application of this factor favors a finding of good faith.

      g.    *Debtor's honesty in representing facts* – Debtor has fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and is prepared to cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good faith.

      h.    *Any unusual or exceptional problems facing the particular debtor* – There are no unusual or exceptional problems facing Debtor. Application of this factor favors a finding of good faith.

17.     Debtor asserts that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13". *See* Chaney at 694. In support hereof, Debtor asserts the following additional arguments:

      a.    *The timing of the petition* – Between the dismissal of the previous case and the instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtor's actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

      b.    *How the debt(s) arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor became unable to repay. Application of this factor favors a finding of good

faith.

    c.    *The debtor's motive in filing the petition* – Debtor's motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

    d.    *How the debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor, because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

    e.    *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtor's changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtor's ability to complete this case. Debtor incorporates such explanations herein by this reference. Application of this factor favors a finding of good faith.

WHEREFORE, for the foregoing reasons, JULIA ANN WENDLAND respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

JULIA ANN WENDLAND
By Counsel:

/s/ Barry W. Spear
Barry W. Spear (VSB# 39152)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, Virginia 23452
Telephone (757) 313-3000
Counsel for Debtor

## **CERTIFICATE OF SERVICE**

    I certify that on November 26, 2019, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor(s), Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, and to all creditors and parties in interest of the mailing matrix attached hereto.

/s/ Barry W. Spear
Counsel for Debtor

Advance Financial 24/7
c/o Shiva Finance, LLC
100 Oceanside Drive
Nashville, TN 37204

AIS Portfolio Services, LP
4515 N Santa Fe Ave Dept APS
Oklahoma City, OK 73118

Bank of America
100 N. Tryon Street
Charlotte, NC 28255

Capital One Auto Finance
PO Box 201347
Arlington, TX 76006

CashNetUSA
175 W. Jackson Blvd
Suite 1000
Chicago, IL 60604

Check Into Cash
712 Jefferson Ave Ste C300
Newport News, VA 23606

Credit Control Corporation
P.O. Box 120568
Newport News, VA 23612-0568

Elizabeth River Tunnels
Bankruptcy Department
152 Tunnel Facility Drive
Portsmouth, VA 23707

First Virginia Financial Svcs
696 J Clyde Morris Blvd.
Newport News, VA 23601

Hampton Roads Radiology
P.O. Box 844555
Boston, MA 02284-4555

Hunter Warfield, Inc.
4620 Woodland Corporate Blvd.
Tampa, FL 33614

Jefferson Capital Systems LLC
P.O. Box 7999
Saint Cloud, MN 56302

Langley Cove Apartments
1711 N. King Street
Hampton, VA 23669

Linebarger Goggan Blair & Samp
4828 Loop Central Drive
Suite 600
Houston, TX 77081

Mary Immaculate Hospital
2 Bernardine Drive
Newport News, VA 23602

Med Express
P.O. Box 5508
Virginia Beach, VA 23471

National Credit Adjusters
P.O. Box 3023
327 W. 4th St.
Hutchinson, KS 67504-3023

NCL Group dba Net Cash Lender
2726 Mission Rancheria Road
Lakeport, CA 95453

NetCredit
175 W. Jackson Blvd.
Suite 1000
Chicago, IL 60604

Orthopaedic & Spine Center
250 Nat Turner Blvd.
Newport News, VA 23606

Peninsula Radiological Assoc.
P.O. Box 12087
Newport News, VA 23612

Penn Power
1910 W. Market Street
Akron, OH 44313

Riverside Emergency Phys
P O Box 1929
Kilmarnock, VA 22482

Riverside Medical Group
856 J. Clyde Morris Blvd.
Newport News, VA 23601

Riverside Regional
P.O. Box 6008
Newport News, VA 23606

Speedy Cash
Attn: Bankruptcy
3611 North Ridge Rd
Wichita, KS 67205

Tidewater Diagnostic Imaging
P.O. Box 12127
Newport News, VA 23612

Treasurer, City Newport News
2400 Washington Avenue
Newport News, VA 23607

VDOT c/o
Profressional Acct Mngmt
P.O.Box 785
Milwaukee, WI 53201

Verizon Wireless
500 Technology Drive
Suite 550
Saint Charles, MO 63304

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**In re: Julia Ann Wendland**

---

**EXHIBIT "1" TO MOTION TO CONTINUE STAY AND
MEMORANDUM IN SUPPORT THEREOF**

**AFFIDAVIT OF Julia Ann Wendland**

BEFORE ME, the undersigned authority, personally appeared Julia Ann Wendland, known to me, and upon her oath stated as follows:

1. My name is Julia Ann Wendland. I am above the age of 18 years, and competent to make this affidavit. I have personal knowledge of the facts set forth in this affidavit.

2. I reside at 11712 Jefferson Ave., C-300, Newport News, VA 23606.

3. I have income from my employment with Stat Call. My income is stable, and I do not expect it to change in the future.

4. I am the debtor in the present bankruptcy case.

5. During the one (1) year prior to filing the present case, I have been debtor in one (1) pending bankruptcy case that was dismissed.

6. The previous case was a Chapter 13 bankruptcy case filed on February 8, 2019, and dismissed on November 20, 2019 (Case No. 19-50166) (the "previous case").

7. The previous case was dismissed because of non-payment to the Chapter 13 Trustee. I became ill and lost time from work and incurred medical bills that put me behind. When I was able to return to work my hours had been reduced which put me so far behind I was unable to catch up after I returned to work full-time.

8. Since the dismissal of the previous case, I have experienced a significant positive change in my financial circumstances in that my health has been restored and I am working full time.

9. I believe that these changes in circumstances will enable me to successfully complete this bankruptcy case.

10. I have listed all of my assets and all of my debt and have fully and accurately disclosed all of my income and expenses in the Schedules in this case.

      11.     I will propose the following treatment of my creditors in my Chapter 13 Plan: Pay Capital One Auto Finance for my 2017 Nissan Versa  and Pay  the City of Newport News for my taxes.

      12.     I am proposing to pay the Trustee all projected disposable income, $500.00 per month, for a period of 60 months.

      13.     After the dismissal of my previous case, I acted as fast as I reasonably could to retain a bankruptcy attorney to file this case for me because I want to use the bankruptcy system to resolve my debts.

      14.     My debts arose as a result of ordinary living expenses.  The credit card debt I have has accumulated over several years and is not the result of any purchases of luxury goods or services. I have also not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

      15.     I desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade my responsibilities or delay my creditors' attempts to collect. In addition to repaying my creditors what I can afford and obtain a discharge of my indebtedness, the purpose of my bankruptcy filing is to retain my vehicle.

      16.     My income is consistent and likely to remain so during my case. My household expenses are not likely to change substantially. I believe I will be able to make my payments to the Trustee and meet my other obligations as they come due throughout this case.

WITNESS the following signature and seal this 22nd day of November, 2019

      /s/ Julia Ann Wendland   (seal)
      Julia Ann Wendland

CERTIFICATE OF ACKNOWLEDGMENT:
Commonwealth of Virginia
City of Hampton to wit:

The foregoing instrument was acknowledged before me this 22nd day of November, 2019 by Julia Ann Wendland.

My Commission Expires:  December 31, 2022    /s/ Tameka Tierra Holmes
    Notary Public

    7582280
    Notary Registration Number